Matthew L. HIRSCHHORN, Debra
L. Hirschhorn, Plaintiffs–
Appellants,

v.

Honorable Dale ROSS, as Chief Admin-
istrative Judge of the 17th Judicial
Circuit, in and for Broward County,
Florida, Defendant–Appellee.

No. 07–11830
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 10, 2007.

Mark Jay Berkowitz, Oakland Park, FL,
for Plaintiffs–Appellants.

Charles Melvin Fahlbusch, Office of the
Attorney General, Ft. Lauderdale, FL, for
Defendant–Appellee.

Before TJOFLAT, DUBINA and
HULL, Circuit Judges.

PER CURIAM:

This is an appeal from an order granting
the defendant's motion to dismiss. The
district court dismissed the action finding
that the *Rooker–Feldman*[1] doctrine ap-
plied where the plaintiffs were seeking an
order finding that prior rulings in a state
court were void. Accordingly, the district
court granted the defendant's motion to
dismiss on the basis that the district court
lacked subject matter jurisdiction. Plain-
tiffs then filed a motion for reconsideration
which was also denied.

We review the dismissal of a complaint
for lack of subject matter jurisdiction de
novo. *Dale v. Moore*, 121 F.3d 624, 626
(11th Cir.1997). "We review de novo a
district court's dismissal under Rule
12(b)(6) for failure to state a claim, accept-
ing the allegations in the complaint as true
and construing them in the light most fa-
vorable to the plaintiff." *Behrens v. Regi-
er*, 422 F.3d 1255, 1259 (11th Cir.2005)
(quoting *Swann v. S. Health Partners,
Inc.*, 388 F.3d 834, 836 (11th Cir.2004)).

After reviewing the record and reading
the parties' briefs, we conclude that the
district court correctly applied the *Rook-
er–Feldman* doctrine where the plaintiffs
were requesting the district court to de-
clare a final state court judgment void.
Moreover, we observe that the plaintiffs'
theory of liability against the defendant,
who is a state court judge, is based entire-
ly upon his status as Chief Judge of the
17th Judicial Court and does not relate to
any act or omission on the defendant's
part. In fact, the amended complaint does
not allege that the defendant personally
violated the plaintiffs' rights in any way.
Indeed, the plaintiffs seek to hold the de-
fendant vicariously liable for what the
plaintiffs contend were erroneous rulings
or acts committed by the other circuit
court judges assigned to their case. The
law is clear in this circuit that supervisory
officials cannot be held liable under 42
U.S.C. § 1983 for the unconstitutional acts
of their subordinates. *Gray v. Bostic*, 458
F.3d 1295, 1308 (11th Cir.2006), *cert. de-
nied*, —— U.S. ——, 127 S.Ct. 2428, 167
L.Ed.2d 1129 (2007); *Hartley v. Parnell*,

---

1. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,
44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of
Columbia Court of Appeals v. Feldman*, 460

U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206
(1983).

193 F.3d 1263, 1269 (11th Cir.1999).[2]

Accordingly, we conclude that the district court appropriately granted the defendant's motion to dismiss, and we affirm the judgment of dismissal.

**AFFIRMED.**[3]

---

**2.** Another basis for affirming the judgment of dismissal in this case is that as a judge, the defendant enjoys absolute immunity. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir.2000).

**3.** Appellants' motion requesting oral argument is **DENIED.**